IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MONTY V. RIDEOUT,<br><br>  Plaintiff,<br><br>  vs.<br><br>TED SAKAI, AL BEAVERS, MAX OTANI, BERT MATSUOKA, TOMMY JOHNSON, *et al.*,<br><br>  Defendants. | CIVIL NO. 14-00185 DKW-BMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

Proceeding *pro se*, Plaintiff Monty V. Rideout filed a Prisoner Civil Rights Complaint ("Complaint") on April 18, 2014 against Defendant Ted Sakai, Director of the Department of Public Safety, as well as various members of the Hawaii Paroling Authority: Defendants Max Otani, Bert Matsuoka, Tommy Johnson, and Al Beavers (collectively "Defendants").[1] Dkt. No. 1. Rideout asserts violations of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States

---

[1] On August 19, 2014, this Court by Entering Order instructed Rideout to serve Defendants with the Complaint and to provide proof of such service. Dkt. No. 14. To date, there is no evidence in the record that Al Beavers was served nor any explanation by Rideout regarding this failure. As such, the Complaint against Beavers is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

1

Constitution, based on circumstances surrounding his parole. Specifically, Rideout alleges that his constitutional rights were violated when he was paroled in December 1998, and the parole board failed to set a minimum term of parole.

Before this Court is Defendants' Motion for Summary Judgment ("Motion") (Dkt. No. 43). Because the issues raised by Rideout were previously litigated in a state court action and because, in any event, Rideout has not established that Defendants were personally involved in the alleged violations, Defendants' Motion is GRANTED.

## BACKGROUND

I. **State Court Action (SPP 13-1-001K)**

On February 27, 2013, Rideout filed a Petition, pursuant to Rule 40 of the Hawaii Rules of Penal Procedure, in the Third Circuit for the State of Hawai'i ("Circuit Court"): *Rideout v. State of Hawaii*, SPP 13-1-001K. Dkt. No. 43-4 (Exh. B). In the Petition, Rideout alleged, among other things, that the State of Hawai'i violated his constitutional rights when he was paroled in December 1998, and the parole board failed to set a minimum term of parole. Dkt No. 43-4 (Exh. B).

On June 20, 2013, the Circuit Court denied Rideout's Rule 40 Petition because his claims were "patently frivolous and without a trace of support either in the record or from other evidence submitted by [Rideout]." Dkt. No. 43-5 (Exh. C)

2

at 6.  The Circuit Court's decision was affirmed on appeal to the Intermediate Court of Appeals of the State of Hawai'i.  Dkt. No. 43-6 (Exh. D).

**II.     Federal Court Action (CV 14-00185 DKW-BMK)**

On April 18, 2014, Rideout filed the instant Complaint in the United States District Court for the District of Hawai'i, *Rideout v. Sakai, et al.*, CV 14-00185 DKW-BMK, once again alleging that his constitutional rights were violated when he was paroled in December 1998, and the parole board failed to set a minimum term of parole.  Dkt. No. 1.  The named defendants included the following individuals:  Ted Sakai, Max Otani, Bert Matsuoka, and Tommy Johnson.  Dkt. No. 1 at 1-3.

According to Defendants, Defendant Ted Sakai served as the Director of the Department of Public Safety ("DPS"), from December 1998 to December 2002 and from June 1, 2012 to December 30, 2014, and the Hawai'i Paroling Authority ("HPA"), which is administratively attached to DPS.  Declaration of Ted Sakai, ¶¶ 3-4.  Defendant Max Otani served as the Field Service Branch Administrator at HPA in 1998.  Declaration of Max Otani, ¶ 3-4.  Defendant Bert Matsuoka is the current chairman of HPA.  Declaration of Bert Matsuoka, ¶¶ 3 & 5.  From 2001 to 2007, and again since 2010, Defendant Tommy Johnson served as the Paroles and Pardons Administrator ("PPA") at HPA.  Declaration of Tommy Johnson, ¶¶ 3-5.

The Complaint did not specifically allege how each Defendant was personally involved in violating Defendant's constitutional rights.

In his Complaint, Rideout requests monetary relief for illegal custody, loss of wages, and loss of equity in property. Dkt. No. 1 at 10. Defendants moved for summary judgment on all claims raised in Rideout's Complaint. Dkt. No. 43.

## STANDARD OF REVIEW

The Court liberally construes Rideout's filings because he is proceeding pro se. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). "Pro se litigants must [nonetheless] follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l*

*Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). Thus, the moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must set forth "'significant probative evidence'" in support of its position. *T.W. Elec. Serv.*, 809 F.2d at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so by either "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Rideout did not file a timely opposition to Defendants' motion for summary judgment. His untimely opposition, filed on April 20, 2015 (Dkt. No. 55), did not comply with Local Rule 56.1 and did not include a concise statement of facts.

> [I]n a motion for summary judgment, "material facts set forth in the moving party's concise statement will be deemed

> admitted unless controverted by a separate concise statement of the opposing party." L.R. 56.1(g) (effective Dec. 1, 2009). Thus, while this court is not permitted to grant an unopposed motion for summary judgment as a matter of right, *Siegel*, 26 F.3d at 1494-95, it must deem all facts proffered in [the defendant's] concise statement as admitted by [the plaintiff]. Therefore, the court must determine whether the facts, as asserted in [the defendant's] concise statement, warrant a grant of summary judgment.

*Aga v. Winter*, Civ. No. 08-00509 SOM/LEK, 2009 WL 4406086, at *2-3 (D. Haw. Dec. 1, 2009) (some alterations in original). In the present matter, the facts set forth in Defendants' separate and concise statement of facts in support of their motion is unopposed (Dkt. No. 44), and the facts contained therein are therefore deemed admitted. L.R. 56.1(g).

## **DISCUSSION**

Rideout alleges several claims against Defendants, all of which appear to stem from him being released on parole in December 1998 and failing to receive a minimum term of parole. Defendants assert that principles of res judicata, lack of personal involvement, qualified immunity, and quasi-judicial immunity entitle Defendants to summary judgment as a matter of law. Dkt. No. 43-1. The Court concludes that collateral estoppel, or issue preclusion, and the lack of personal involvement by Defendants entitle Defendants to summary judgment. As a result, the Court does not reach the issues of qualified immunity or quasi-judicial immunity.

6

## I. Issue Preclusion

Defendants assert that collateral estoppel, or issue preclusion, bars Rideout's claims. Generally, issue preclusion, or collateral estoppel, "preclude[s] relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (quoting *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170-71 (1984)). The preclusive effect in this Court of a Hawaiʻi state court decision is determined by Hawaiʻi law. *Pedrina v. Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996) ("In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the res judicata principles of the state court in which the judgment was rendered.").

Under Hawaiʻi law, the party asserting issue preclusion must establish the following:

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior adjudication.
>
> As to the fourth requirement, it is not necessary that the party asserting issue preclusion in the second suit was a party in the first suit.

*Bremer v. Weeks*, 104 Haw. 43, 54, 85 P.3d 150, 161 (2004) (citations and brackets omitted). As set forth below, Defendants meet all four of these requirements.

7

### A. Same Issues

First, for collateral estoppel to apply, the issue presented in this action must be identical to an issue decided in a prior adjudication. In this case, the issue in question, whether Rideout's constitutional rights were violated when he was paroled in December 1998, and the parole board failed to set a minimum term of parole, is identical to an issue Rideout raised in the State court action. In his state-court Petition, Rideout alleged that his constitutional rights were violated when he was paroled in December 1998, and the parole board failed to set a minimum term of parole. Thus, the first prong is satisfied.

### B. Final Judgment on the Merits

The second prong—whether there was a final judgment on the merits—is also satisfied. The Circuit Court's Findings of Fact, Conclusions of Law and Order Denying Rideout's Rule 40 Petition Without a Hearing demonstrates that there was an adjudication on the merits. Rideout appealed the Circuit Court's decision to the Intermediate Court of Appeals, which affirmed the Circuit Court's decision. Under Hawai'i law, when an appeal is taken, judgment becomes final when the appeal is decided. *See Kauhane v. Acutron Co., Inc.*, 71 Haw. 458, 464, 794 P.2d 276, 279 (1990) ("Plaintiff, however, withdrew his appeal and thereby foreclosed review by this court. Once that appeal was withdrawn, the circuit court's judgment became final for res judicata purposes.").

## C. Issue Essential to the Final Judgment

With respect to the third prong, it is clear that the issue decided in the prior adjudication was essential to the final judgment. As noted by the Circuit Court in its Order, Rideout claimed in his Rule 40 petition that "HPA failed to set a minimum length of the parole term pursuant to HRS Sec. 707-670(4)." Dkt. No. 43-5 (Exh. C) at 3. In its Conclusions of Law, the Circuit Court stated: "[Rideout's] claim that HPA failed to set a minimum length of the parole term pursuant to HRS Sec. 707-670(4) is contrary to the evidence, pursuant to the Notice and Order Fixing Minimum Term(s) of Imprisonment dated April 30, 1996 and given that [Rideout's] Minimum Sentence was served on December 9, 1998, as stated in [Rideout's] Order of Parole dated November 17, 1998." Dkt. No. 43-5 at 4-5 (COL ¶ 5).

## D. Privity

As to privity, under Hawai'i law, mutuality of interest is required only as to the party against whom issue preclusion is asserted. *Bremer*, 104 Haw. at 54, 85 P.3d at 161. In other words, "[a]s to the fourth requirement, it is not necessary that the party asserting issue preclusion in the second suit was a party in the first suit." *Id*. Here, Rideout was a party in the State court action and is a party in the instant case. Moreover, Defendants, in any event, may properly stand in the shoes of the State in the instant case, as the Court concludes that the relationship between the

Defendants and the State of Hawai'i in the instant case is sufficiently close enough. *See Matter of Hebert M. Dowsett Trust*, 7 Haw. App. 640, 646, 791 P.2d 398, 402, (1990). Accordingly, the privity requirement is met.

## II. No Personal Involvement or Supervisor Liability

Defendants are entitled to summary judgment on the additional basis that the Complaint fails to make specific allegations demonstrating that Defendants were personally involved in the alleged deprivation of Rideout's civil rights.

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009). A person deprives another of a constitutional right, within the meaning of section 1983, if that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act that he or she is legally required to do that causes the deprivation of which plaintiff complains. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "Liability under [section] 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In addition, "a supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, under section 1983, when the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).

Viewing the asserted facts and allegations in the light most favorable to Rideout, the Court determines that Rideout has failed to set forth any facts supporting his claim that Defendants participated in any violation of his constitutional rights. Rideout fails to allege any personal involvement by Defendants for decisions relating to individual parolees, including the setting of minimum sentences and the granting of parole. Specifically, Rideout has not established that Defendants were personally involved in allegedly failing to set a minimum term of parole in December 1998. Rideout merely alleges that at the time he was paroled in December 1998, Al Beavers was Chairman of HPA, Ted Sakai was the Director of DPS, and Max Otani was Administrator of HPA. These bare allegations fall far short of what is required for finding liability under section 1983. Moreover, the declarations of Defendants further support that they did not

have any personal involvement in decisions relating to Rideout's parole or the setting of any minimum sentences for Rideout.

## **CONCLUSION**

The Court hereby grants Defendants' Motion for Summary Judgment (Dkt. No. 43). The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: May 18, 2015 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

Rideout v. Sakai, et al.; CV 14-00185 DKW-BMK; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT